UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICKY COLE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CARDEZ CREDIT, LLC, an Idaho limited liability company; WILLIAM R. DALLING, CHARTERED d/b/a Dalling & Dalling; WILLIAM R. DALLING, an individual; and JOHN DOES I-X, individual employees of Cardez Credit Affiliates, LLC and William R. Dalling, Chartered,<br><br>　　　　　　　　Defendants. | Case No. 1:16-cv-00146-EJL-CWD<br><br>**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT (DKT. 18)** |

　　　　Pending before the Court is Defendants William R. Dalling, Chartered's and William R. Dalling's Motion for Summary Judgment and Motion to Dismiss CardEz Credit Affiliates, LLC, for Failure of Service (Dkt. 18.) Having reviewed the parties' briefs as well as the record in this mater, the Court concludes oral argument is not necessary. Dist. Idaho Loc. Civ. R. 7.1(d). Accordingly, the Court enters the following report recommending the motion for summary judgment be granted.

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

1. **Debt Collection Efforts**

In December of 2002, Plaintiff Vicky Cole allegedly had outstanding credit card debt with First USA Bank. Sometime thereafter, the debt was purchased, cosigned, placed, or otherwise transferred to CardEz Credit Affiliates ("CardEz"). The debt was then sent to William R. Dalling, Chartered ("the Dalling Law Firm") for collection efforts on CardEz's behalf.

In April of 2016, CardEz (through the Dalling Law Firm and William Dalling, the individual) filed a complaint against Vicky Cole in the Seventh Judicial District of the State of Idaho, Bonneville County. However, Cole was not a resident of Bonneville County and the related credit card contract was not entered into or executed in Bonneville County. Until recently, Ms. Cole lived in Adams County, Idaho, her entire life.

On June 30, 2006, a Judgment was entered in the state court action against Cole in Bonneville County. The Judgment was renewed by Dalling on May 12, 2011. On December 4, 2013, Dalling, though the Dalling Law Firm, submitted an application for a writ of execution on the judgment against Cole, and the Bonneville County clerk issued the Writ in the amount of $32,123.55. On December 16, 2013, CardEz utilized the Writ of Execution, through the Dalling Law firm and Dalling, to garnish $1,129.13 from Cole's checking account located in Adams County, Idaho.

2. **2014 Lawsuit Against Defendants**

On March 4, 2014, Cole filed suit against CardEz, the Dalling Law Firm, and Dalling, alleging violations of the Fair Debt Collection Practices Act and Idaho Consumer Protection Act in the this Court.[1] *See Cole et al v. CardEz Credit Affiliates LLC, et al*, 1:14-cv-00077-REB. Specifically, the 2014 Complaint alleged the Defendants' actions of obtaining a Writ of Execution in Bonneville County violated the FDCPA because it constituted an action on a debt in a judicial district other than the one in which Cole signed the contract, or resided on, at the time of the commencement of the action.

During the pendency of Cole's 2014 federal case, CardEz filed a motion for change of venue post-judgment in the Bonneville County court action on April 7, 2015. The court granted the motion, and the state case was transferred to Adams County, Idaho, on May 27, 2015. On July 1, 2015, on behalf of CardEz, the Dalling Law Firm and Dalling submitted an application for writ of execution on the judgment against Cole in Adams County, Idaho. The Adams County clerk issued the Writ of Execution on July 15, 2015. However, no assets were recovered as a result of this garnishment.

On December 10, 2015, the parties filed a stipulation for dismissal with prejudice in the 2014 federal case, citing settlement as the grounds for dismissal. *See Cole et al,*

---

[1] In the Bonneville County case, Cole was *pro se*. However, she was represented by counsel in her 2014 case in the District of Idaho.

1:14-cv-00077-REB. (Dkt. 31.) The Court approved the stipulation and dismissed the case the same day.

The basis for dismissal of the 2014 federal action was the "Release of Claims Agreement" between the parties. (Dkt. 18-3 at 30.) The Agreement states in relevant part:

> That **Vicky Cole**, ("Releasor"), for the sole consideration of $3,500 Dollars and No/100 ($3,500.00), which is inclusive of attorney fees and costs, paid to Releasor, receipt which is hereby acknowledged, does hereby release, acquit, and forever discharge **CardEz Credit Affiliates, LLC; William R. Dalling, Chartered dba Dalling &Dalling;** and **William R. Dalling**; individually, and their successors, representatives, assigns, agents, officers, directors, servants, employees, attorneys, indemnitors and insurers, and their heirs, estates, representatives, and any and all persons acting for, by, though, or in any way on behalf of said released persons or any of them ("Releasees"), of and from all claims of every kind, name or nature, known or unknown, contingent or mature, including attorney fees and costs, having to do with, arising, arisen, to arise, or which may arise out of or by reason of that certain actions and events set forth in Releasor's Complaint dated March 3, 2014, filed against Releasees. This Release of Claims Agreement does not release or discharge Releasees from any claims or causes of action other than for the allegations and events set forth in Releasor's March 3, 2014 Complaint.
> ****

(Dkt. 18-3 at 30.)

3.     **Instant Action**

Four months later, on March 8, 2016, Cole filed suit against the same Defendants in the instant action, alleging violations of the Fair Debt Collection Practices Act and Idaho Consumer Protection Act, based on Defendants' post-judgment filing seeking a change of venue, and obtaining the writ of execution, in the Bonneville County case.

On July 25, 2016, the Court issued a summons as to CardEz, the Dalling Law Firm, and Dalling. (Dkt. 3.) The following day, the undersigned ordered, pursuant to Fed.

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 4**

R. Civ. P. 4(m), that all Defendants must be served by August 25, 2016, or the Court would dismiss the case without prejudice. (Dkt. 4.)

On July 29, 2016, Dalling was served (Dkt. 7); he filed an Answer to the Complaint on August 19, 2016. (Dkt. 5.) The Dalling Law Firm was not served. Cole made multiple attempts to serve CardEz at its place of business; however, each time the service processor attempted service, CardEz's agent was not present.[2] (Dkt. 9, 16.) On October 31, 2016, the Court ordered Plaintiff to serve CardEz by November 18, 2016, or it would dismiss CardEz as a Defendant from this action without prejudice. The same day, Cole sent the Summons and Complaint to CardEz's business address via certified mail. (Dkt. 16.) Cole did not select "return receipt requested;" however, by entering in the tracking number on the United States Post Office website, it appears the certified mail was delivered on November 21, 2016, at 2:15 p.m. *See* Appendix A to decision of filing.

On June 2, 2016, Dalling and the Dalling Law Firm[3] filed the instant motion for summary judgment, seeking dismissal with prejudice of all of Cole's claims on the grounds of res judicata, or alternatively, collateral estoppel. (Dkt. 18.) The Dalling Defendants seek also dismissal of CardEz as a Defendant from this suit for failure of service.

---

[2] Apparently, William Dalling owns CardEz, and his wife, Laurie Dalling, is CardEz's agent. CardEz's business address, and its service address, is the same as that of the Dalling Law Firm.
[3] The Court will collectively refer to Defendants William Dalling and the Dalling Law Firm as the "Dalling Defendants."

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 5**

# DISCUSSION

1. **Summary Judgment Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any material fact—a fact "that may affect the outcome of the case." *Id.* at 248. The Court must be "guided by the substantive evidentiary standards that apply to the case." *Id.* at 255.

The moving party is entitled to summary judgment if that party shows that each issue of material fact is not or cannot be disputed. To show the material facts are not in dispute, a party may cite to particular materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) & (B); *Ransier v. United States*, 2014 WL 5305852, at *2 (D. Idaho Oct. 15, 2014).

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 6**

Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

**2.      Dismissal of CardEz Credit for Failure of Service**

The Federal Rules of Civil Procedure provide that an individual within the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added). This Rule was amended in 1993 to expand the state law method beyond that of just the forum state to add, to the list of options allowable under the federal rule, any method allowed also "by the state 'in which service is effected.'" *See* Fed. R. Civ. P. 4(e), Comment C4–22.

The Rules provide that a corporation, partnership or other unincorporated association must be served:

> (1) in a judicial district of the United States:

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 7**

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Under Idaho law, unless service is accomplished by publication under Idaho R. Civ. P. 4(e), service of an individual must take place upon the person or "some person" personally who is residing at the individual's dwelling, or an agent authorized to receive service on that defendant's behalf.

Likewise, Idaho law provides that service of a corporation take place by delivering a copy of the summons and complaint to some agent or officer or like position of the defendant company, or, in the case of a domestic corporation with no agent residing in the forum state, "by mailing copies of the summons and complaint by registered or certified mail to the corporation addressed to its registered place of business and to the president or secretary of the corporation at the addresses shown on the most current annual statement filed with the Secretary of State." Idaho R. Civ. P. 4(d)(4) (B).

Here, CardEz's agent, Laurie Dalling, was not personally served a copy of any summons or complaint, and the rule allowing mailing does not apply because Laurie Dalling presumably resides in Idaho. Accordingly, the Court finds service was not effected under Idaho law as to Defendant CardEz.

**REPORT AND RECOMMENDATION RE: MOTION FOR SUMMARY JUDGMENT - 8**

## 3. Claims Barred by Res Judicata

The Dalling Defendants contend Cole's claims are barred by the doctrine of res judicata because the actions she asserts in her Complaint arose during the pendency of her 2014 federal case, and were settled.

The doctrine of res judicata includes two distinct types of preclusion—claim preclusion and issue preclusion. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *Robi*, 838 F.2d at 322 (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir.1978)). Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

For claim preclusion to preclude relitigation, the following requirements must be met: (1) the same claim or cause of action arising out of the same facts must be involved in both suits; (2) there must be a final judgment on the merits in the prior action; and (3) the parties in the instant action must be the same as or in privity with the parties in the prior action in question. *Black Dog Outfitters, Inc. v. Idaho Outfitters and Guides Licensing Bd.*, 873 F.Supp.2d 1290, 1299–300 (D. Idaho,2012). "The purposes of these judicially created rules are to conserve judicial resources, protect litigants from multiple

lawsuits, and foster certainty and reliance in legal relations." *Id*. (quoting *Coeur D'Alene Tribe v. Asarco Inc.*, 280 F.Supp.2d 1094, 1117–19 (D. Idaho 2003)).

The doctrine of issue preclusion prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided" in a prior proceeding. *Id.* (quoting *Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 845 (9th Cir. 1979). "In both the offensive and defensive use situations the party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier action." *Id.* at 322 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). The issue must have been "actually decided" after a "full and fair opportunity" for litigation. *Id.* quoting (18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction § 4416, at 138 (1981)).

Here, the doctrine of claim preclusion applies. There is no dispute that the parties to this lawsuit were all parties to the federal action Cole filed in 2014, and parties to the Settlement Agreement entered between them to resolve that lawsuit. Second, the present claim arises out of the same series of transactions as those addressed in the 2014 fedeal action. The facts upon which the present complaint is based had already occurred, and were known to Cole at the time she entered into the settlement agreement.

Third, the law is clear that a voluntary dismissal with prejudice constitutes an adjudication on the merits and satisfies the element of claim preclusion. *Bedke v. Secretary of Interior*, No. CV–09–399–E–DOC, 2010 WL 2000052 *7 (D. Idaho May 19, 2010). In the 2014 federal action, the Court entered an order of dismissal with prejudice on the grounds that the case against CardEz and the Dalling Defendants had

been settled. The settlement agreement included language expressly releasing Defendants from any claim, whether known or unknown, arising out of the facts set forth in Cole's 2014 complaint. (Dkt. 18-3.) Cole's claims in this lawsuit alleging improper change of venue and execution on the judgment in Bonneville County all arose out of the same transaction or series of transactions as the claims raised in the 2014 suit, and were known to Cole at the time she signed the settlement agreement. Cole cannot now ignore the preclusive effect of her decision to voluntarily enter into the settlement agreement.

## CONCLUSION

The Court concludes the complaint was never properly served upon CardEz, and that the dismissal with prejudice per the terms of the settlement agreement and the Court's Order in the 2014 federal action precludes Cole's claims here.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Defendants' Motion for Summary Judgment/Motion to Dismiss (Dkt. 18) be **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 10, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge